## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

GREGORY GILREATH,

                Petitioner,

       -vs-

CLEMENS & COMPANY, et al.,

                Respondents.

:        Case No. 3:04-cv-302

:        District Judge Thomas M. Rose
          Chief Magistrate Judge Michael R. Merz

---

### REPORT AND RECOMMENDATIONS ON AMOUNT OF SANCTIONS

---

This case is before the Magistrate Judge on remand from Judge Rose to determine the amount of sanctions to be awarded.

The Defendants in this case moved to sanction Plaintiff and his counsel pursuant to Fed. R. Civ. P. 11 (Doc. Nos. 15, 27). The Magistrate Judge recommended granting those Motions (Doc. Nos. 25, 32), Plaintiff objected (Doc. Nos. 26, 33), and Judge Rose adopted the Reports and Recommendations over those Objections and remanded the case for a recommendation on an appropriate sanction (Doc. No. 34). The parties agreed to submit that question on memoranda and affidavits (Minutes, Doc. No. 37) and the matter is now ripe for a recommendation.

Defendant Clemens and Co. seeks an award against Plaintiff, his counsel, and his counsel's law firm of all of its attorneys' fees and costs expended in defending this action, a total of $13,582.13 (Doc. No. 38 at 5). It asserts that the amount of time spent defending the case was reasonable and that the rates for its counsel, $230 per hour for Mr. Dunlevey and $155 per hour for Ms. Mitchell, are reasonable. It attaches the Affidavit of Elaine S. Bernstein, a member of the Bar

of this Court, in support.

Defendant Plumbers and Pipefitters Local No. 162 had already requested in their Motion for Sanctions that the Court impose on Plaintiff, his counsel, and his counsel's law firm of all of its attorneys' fees and costs expended in defending this action and Judge Rose already approved granting that Motion.  The Union seeks $7,370.00 in attorney fees and $17.80 in photocopying expenses.  It attaches an Affidavit of Matthew Stokely, a member of the Bar of this Court, in support.[1]

The Magistrate Judge concludes a "make whole" remedy is necessary in this case.  The frivolous conduct asserted by Defendants is the filing of this action in the first instance because Plaintiff had no standing to file it.  All of Defendants' expense has been directly related to having this Court dismiss the initial filing.  Defendants both gave Plaintiff proper notice under Fed. R. Civ. P. 11 of the frivolous character of the filing and of the legal grounds for dismissal, which Plaintiff and his counsel ignored.  Nor can the Court ignore the fact that this action was filed during the pendency of much more extended litigation between these same parties (Case No. 3:03-cv-118) which was so acrimonious that the Magistrate Judge had to intervene in person in depositions to prevent further escalation of hostility.

Likewise, Plaintiff has provided no basis for apportionment of the responsibility for the filing between himself and his counsel.  That is, there is no indication that Plaintiff insisted on proceeding with a tenuous claim despite counsel's advice to the contrary or that counsel insisted on proceeding with a reluctant client.

In opposing the requested amounts of sanctions, Plaintiff reargues his liability for Rule 11

---

[1]The amount of sanctions was submitted on Affidavits presented by both sides at their request, rather than upon oral argument.  Plainly, all parties have waived any hearsay objection to the Court's consideration of the Affidavits.

sanctions, but Judge Rose has already decided that an award of sanctions under Rule 11 is appropriate.  The remand order does not authorize the Magistrate Judge to reconsider this question.

On the question of whether the hourly rates and amounts of time expended by Defendants' counsel are reasonable, Plaintiff offers the Affidavit of Frank M. Payson.

The Magistrate Judge's opinion on the reasonableness of the hours expended and rates is necessarily based on his own experience with the attorneys involved.  That is, their Affidavit testimony is weighed in part on the basis of their prior experience in this Court.  Robert Dunlevey and John Doll are preeminent labor law practitioners; both are recognized as being highly competent in that area of labor law involving negotiated collective bargaining agreements.  Ms. Bernstein is highly respected for her work in representing plaintiffs in discrimination litigation, another branch of labor law.  Mr. Stokely, Ms. Ford, and Ms. Brown are all personally known by the Court to be experienced attorneys in employment relations matters.

Mr. Payson, who was formerly associated in the practice of law with Mr. Conboy, is also known by the Court to be experienced in representing plaintiffs in employment relations litigation. However, his opinion on the reasonableness of attorney fee matters carries little weight with this Court because he has himself committed violations of Rule 11 and other prohibitions on frivolous conduct in a number of different cases in which he has appeared before the undersigned.  There is presumably no need to recite those here as the Court has no desire to embarrass Mr. Payson further than by stating in conclusory fashion why his Affidavit has less weight than would be given to the affidavits of other counsel with fourteen years experience.

The Magistrate Judge finds the time and expenses claimed by Defendants are reasonable except for $419.63 in expenses and 2.2 hours time spent by Clemens' counsel on Case No. 3:03-cv-118 but included in the Motion in this case.

Accordingly, it is respectfully recommended that the Court impose sanctions under Rule 11

on Plaintiff and his counsel, jointly and severally, as follows

1.      In favor of Clemens and Co, in the amount of $12,656.50 and

2.      In favor of Local No. 162 in the amount of $7,387.80.

October 21, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).